FILED
Oct 15  9 56 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREW BARTON, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| VS. | : | NO. 302CV1210(PCD) |
| | : | |
| CITY OF BRISTOL; AND IN THEIR INDIVIDUAL | : | |
| AND OFFICIAL CAPACITIES, RICHARD MULLANEY | : | |
| POLICE SERGEANT; BRIAN SUCHINSKI, POLICE | : | |
| DETECTIVE; AFSCME LOCAL 3754; AND IN HIS | : | |
| INDIVIDUAL AND OFFICIAL CAPACITY MELVIN | : | |
| DEKOW, UNION PRESIDENT | : | |
| Defendants | : | JULY 31, 2003 |

## LOCAL RULE 9(c)(1) STATEMENT

Defendants, Richard Mullaney and Brian Suchinski, respectfully submit the following statement of undisputed, material facts and contend that there exists no genuine issue to be tried.

1. On August 31, 1999 and for sometime prior thereto, the defendant, Richard Mullaney, was a Detective Sergeant in the Bristol Police Department, and his duties included supervising detectives on the Narcotics Enforcement Team including the plaintiff, Andrew Barton. (Exhibit "A," Affidavit of Richard Mullaney).

2. On August 31, 1999, the defendant, Brian Suchinski, was a Detective in the Bristol

Police Department and was assigned to the Narcotics Enforcement Team. (Exhibit "B," Affidavit of Brian Suchinski.)

3.  On August 31, 1999, a joint narcotics investigation was conducted by the Bristol and West Hartford Police Departments. (Exhibit "A"; Exhibit "C" Police Report, Sept. 1, 1999)

4.  The investigation concerned a suspicious package which had been reported to the West Hartford Police Department by Airborne Express and was later determined to contain large amounts of marijuana. (Exhibit "A"; Exhibit "C")

5.  The package had a delivery address of Meineke Muffler, 114 Farmington Avenue in Bristol. (Exhibit "A"; Exhibit "C")

6.  Detectives from the Bristol and West Hartford Police Departments collaborated in a joint investigation in which a controlled delivery of the package was attempted. (Exhibit "A"; Exhibit "C")

7.  The package was delivered by a West Hartford detective disguised as an Airborne Express delivery person and was received by a Meineke Muffler employee later identified as Rivera. (Exhibit "A"; Exhibit "C")

8.  Rivera indicated to the detectives conducting the investigation that he had received the package for an acquaintance named "Eddie" in exchange for payment of $1,000. (Exhibit

"A"; Exhibit "C")

9. Rivera then paged "Eddie" three times for the purpose of notifying him of the arrival of the package. "Eddie" failed to respond to Rivera's pages. (Exhibit "A"; Exhibit "C")

10. Sergeant Mullaney determined that there was sufficient probable cause to arrest Rivera at the Mineke Muffler location and decided to immediately place Rivera under arrest. (Exhibit "A"; Exhibit "D," Report of Sergeant Mullaney, Sep. 3, 1999; Exhibit "E," Report of Detective Lieutenant Thomas Killiany, Sep. 10, 1999; Exhibit "F," Report of Detective Kevin Mellon, Aug. 20, 2002)

11. Detective Barton confronted Sergeant Mullaney and vigorously disputed his decision to arrest Rivera without a warrant. (Exhibit "A"; Exhibit "D"; Exhibit "E"; Exhibit "F")

12. Detective Barton's heated debate with Sergeant Mullaney took place in the presence of officers from the West Hartford Police Department and Mineke Muffler employees. (Exhibit "A"; Exhibit "D"; Exhibit "E"; Exhibit "F")

13. On September 1, 1999, Sergeant Mullaney verbally reported Detective Barton's conduct during the August 31, 1999 investigation to Detective Lieutenant Thomas Killiany, who directed Sergeant Mullaney to document the incident in a written report. (Exhibit "A"; Exhibit "E")

3

14. Sergeant Mullaney submitted a written report to Lieutenant Killiany on September 3, 1999, and the report was reviewed by Lieutenant Killiany, Captain Donald Kalwat, and Bristol Police Chief John DiVenere. (Exhibit "A"; Exhibit "D"; Exhibit "E")

15. Lieutenant Killiany, Captain Kalwat and Chief DiVenere each directed Sergeant Mullaney to issue a written reprimand to the Detective Barton for violations of two sections of the Bristol Police Department Code of Conduct, Section 1.00 - Conduct Unbecoming and Officer and Section 2.22 - Quarreling with Other Employees or a Supervisory Officer in Public View. (Exhibit "A"; Exhibit "E")

16. On September 14, 1999, Sergeant Mullaney issued a written reprimand to Detective Barton at the direction of Lieutenant Killiany, Captain Kalwat and Chief DiVenere. (Exhibit "A"; Exhibit "G," Employee Reprimand Report; Exhibit "H" Report of Sergeant Mullaney, Sep. 15, 1999)

17. On or about September 24, 1999, the plaintiff was removed from his position on the Emergency Response Team (ERT). (Complaint ¶26)

18. On October 1, 1999, the plaintiff filed a grievance concerning his removal from the ERT. (Complaint ¶ 27; Exhibit "I," Memo of Det. Barton, Oct. 1, 1999)

19. At no time have the duties of the defendants, Sergeant Mullaney and Detective

4

Suchinski, included supervising the Emergency Response Team, disciplining Emergency Response Team members or making decisions concerning the removal of officers from the Emergency Response Team. (Exhibit "A"; Exhibit "B"; Exhibit "J," Plaintiff's Deposition Transcript p. 43-44).

20. Neither Sergeant Mullaney nor Detective Suchinski was personally involved in the decision to remove the plaintiff from his position on the ERT. (Exhibit "A"; Exhibit "B").

21. The plaintiff's rank and base pay as a detective on the Narcotics Enforcement Team were unaffected by the plaintiff's membership on the ERT. (Exhibit "J" p. 21-22).

22. The plaintiff's compensation for performing his duties as a member of the ERT consisted only of overtime pay. (Exhibit "J" p. 21-22).

23. Detective Suchinski has never placed a rubber rat on the plaintiff's desk and the plaintiff has no personal knowledge or other evidence of Detective Suchinski having done so. (Exhibit "B"; Exhibit "J" p. 74)

24. Cars used by detectives on the Narcotics Enforcement Team are not assigned to particular individuals for their personal use. Rather, each detective is free to use any car which is available on a particular day. (Exhibit "B"; Exhibit "J" p. 74).

KERNAN & HENRY, LLP   ATTORNEYS AT LAW
P. O. BOX 2156   •   WATERBURY, CONNECTICUT 06722   •   (203) 756-8961   •   JURIS NO. 30960   •   FAX (203) 754-2353

DEFENDANTS,
RICHARD MULLANEY and
BRIAN SUCHINSKI

BY _____
Melissa A. Scozzafava
Of Kernan & Henry, LLP
P.O. Box 2156
Waterbury, CT 06722-2156
Federal Bar No.: CT 23560

## CERTIFICATION

I hereby certify that a true copy of the foregoing Objection was mailed, first class mail, postage prepaid, on July 31st, 2003 to:

Erin I. O'Neil, Esq.
Brewer & O'Neil
818 Farmington Avenue
West Hartford, CT 06119

Alexandria L. Bufford, Esq.
Michael J. Rose, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Richard Lacey, Esq.
Corporation Counsel
City of Bristol
111 North Main Street
Bristol, CT 06010

Eric R. Brown, Esq.
AFSCME Council 15 Legal Dept.
290 Pratt Street
Meriden, CT 06450

_____
Melissa A. Scozzafava

6