## Affidavit of Melvin DeKow

The undersigned being duly sworn, deposes and says:

1.    I am over the age of 18 years and understand the obligation of an oath.

2.    I was President of AFSCME Local 754 (the Union) from *1-1-99* through *12-31-02*.

3.    In September, ~~2002~~ *1999*, neither in my capacity as Union President nor as an individual, nor AFSCME Local 754, engaged in any investigation of Andrew Barton based upon any allegation by the Richard Mullaney, or any other precipitating event as alleged in the Complaint in the matter of <u>Barton v. City of Bristol</u>, Docket No. 3:02 CV 1210 (PCD), now pending in United States District Court for the District of Connecticut.

4.    Prior to October 1, 1999, the Union was never notified by Andrew Barton that he was subject to any investigation by the Bristol Police Department.

5.    Andrew Barton never requested that the Union file a grievance on his behalf, relative to a written reprimand received by the plaintiff on September 14, 1999.

6.    Neither I nor AFSCME Local 754 had any authority to make a decision to remove Andrew Barton from the ERT team, or to deprive him of any property or liberty interest which he enjoyed in his employment with the City of Bristol, nor did either I or AFSCME Local 754 conspire to have the Andrew Barton removed from the ERT team, or suffer a deprivation of any constitutionally-protected interests.

                                        Melvin DeKow

                                        _Melvin DeKow_

STATE OF CONNECTICUT          :
                             :          SS: BRISTOL
COUNTY OF HARTFORD           :

The foregoing affidavit was subcribed and sworn to by _Melvin DeKow_, before me, this 31ˢᵗ day of July, 2003.

Eric R. Brown
Commissioner of the Superior Court

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2

ANDREW BARTON NO.                :              3:02CV1210 (PCD)

v.

CITY OF BRISTOL; ET AL.          :              MAY 9, 2003

## PLAINTIFF' S SUPPLEMENTAL RESPONSES TO DEFENDANT'S, CITY OF BRISTOL, FIRST SET OF INTERROGATORIES

Defendant, **CITY OF BRISTOL,** requests that the plaintiff, **ANDREW BARTON,** answer under oath in accordance with Rule 33 of the Fed. R. Civ. P ., the interrogatories attached hereto, and produce for inspection, copying, testing or sampling, as the case may be, the documents or tangible things described hereinafter, pursuant to Rule 34 of the Fed. R. Civ. P .

## INTERROGATORIES

1. Please state your name, age, address, occupation, and place of current employment.

## ANSWER:

| | |
|---|---|
| **Name:** | **Andrew Barton** |
| **Address:** | **153 Southdown Dr, Bristol, CT 06010** |
| **Employment:** | **Police Officer, City of Bristol** |
| **Age:** | **37** |

2. Identify all employment positions held by you from 1980 to the present, including the name and address of each employer, the dates employed and the type of work performed

**ANSWER:**

**Lake Compounce, Bristol, CT**

**Carvel Ice Cream, Bristol, CT**

**Bristol Police Department, Bristol, CT**

3. Have you ever been suspended, or been asked to resign?

**ANSWER:**

**Objection. Vague and Overbroad.**

4. If your answer to the preceding interrogatory is in the affirmative, please state with reference to each suspension, termination or involuntary resignation:

(a) The reason for each suspension, termination or resignation;

(b) The date of any activities for which you were suspended, terminated or asked to resign;

(c) The date of each suspension, termination, or resignation;

(d) The name and address of the employer and supervisor for whom you were working when you were suspended, terminated or involuntarily resigned.

**ANSWER:**

**Objection. Vague and Overbroad.**

5. Please describe your first job with the City of Bristol Police Department including:

(a) Your job title and duties;

**Patrolman--Patrol Duties**

(b) The percentage of time you spent each week performing each duty;

**Variable.**

(c) Any training you received;

**All training related to Emergency Response Team, Administrative/ Human Resources Training.**

(d) Your weekly wage when you began this job;

**Unknown.**

*(e)* Your weekly wage when you left this job;

**Not applicable.**

(f) The financial benefits, other than wages, which you received;

**Not applicable.**

(g) The name and title of your supervisor;

(h) The name and title of all employees who performed the same work as you;

**Response to this interrogatory is more easily obtained through the City of Bristol.**

(i) Each promotion and bonus which you received.

**Promotion to Detective in 1997.**

6. If you had any other jobs with the City of Bristol Police Department after your first job, please state with reference to each job:

(a Whether the job was a promotion, transfer or demotion;

(b) The title of your job;

(c) The date you began work at this job;

(d) The qualifications required for the job (if known);

(e) Your qualifications for the job;

(f) Each new skill you acquired on the job;

(g) The name and title of your supervisor;

(h) The name and title of all employees who performed the same work as you;

(i) The name and title of all employees whom you supervised;

j) A description of your job duties;

(k) The percentage of your time spent each week performing each duty;

(I) Your weekly wage when you began the job;

(m) Your weekly wage when you left the job;

(n) Each promotion or bonus which you received; and

(o) Each financial benefit, other than your wages, that you received.

**ANSWER:**

**Not applicable.**

7. With respect to Count One of your Complaint, please state each and every alleged act taken against you which you perceive to be a violation of your right to equal protection, and for each state the following:

(a) The date of the alleged act;

(b) The name and position of the individual who carried out said act;

(c) The names and addresses of all individuals who witnessed the alleged

(d) The name of each similarly situated individual who was treated differently with respect to each alleged act; and

(e) A brief description of how the plaintiff was treated differently than the identified similarly situated employees.

**ANSWER:**

**The plaintiff was removed from the ERT and disciplined while other similarly situated police officers were not disciplined, specifically, Bryce Linksy and Mike Brascher.**

**ANSWER:**

8. With respect to Count Two of the Complaint, state the alleged property right that entitled the plaintiff to due process, and the manner in which due process was allegedly denied.

**ANSWER:**

**The plaintiff had a property interest in his position on the ERT.**

9. With respect to Count Two of the Complaint, please state the alleged liberty interest that entitled the plaintiff to due process, and the manner in which due process was allegedly denied.

**ANSWER:**

**Not applicable.**

10. With respect to Count Two of the Complaint, identify the name and position of each individual who allegedly denied the plaintiff due process, and the date of the denial.

**ANSWER:**

**Richard Mullaney, Melvin Dekow and Chief DiVener.**

11. With respect to paragraph 2 of the Complaint, please identify each and every alleged willful, intentional and/or reckless action taken by the defendants, and for each, state:

(a) The date of each action;

**August and September 1999.**

(b) The name and position of each individual who carried out said act; (c) The names of all individuals who witnessed said action;

**Brian Suchinski.**

(d) Whether the plaintiff filed a grievance regarding said action;

**No.**

(e) The name and position of each individual who was treated differently under similar circumstances.

**Defendants: Suchinski, Mullaney and Dekow.**

**ANSWER:**

12. With respect to Count Three of the Complaint, please state the alleged speech or conduct of the plaintiff that was constitutionally protected by the First Amendment, including:

(a) The date of the alleged speech or conduct;

(b) The names of all individuals who witnessed the alleged protected speech and/or conduct;

(c) The alleged retaliatory action taken as a result of the plaintiff's alleged protected speech and/or conduct;

(d) The name and position of the individual(s) who allegedly engaged in retaliatory conduct.

**ANSWER:**

**Not applicable.**

13. With respect to paragraph 5 of your Complaint, please state, in detail, all facts upon which you base the allegation that the defendants have intentionally inflicted severe emotional distress upon the plaintiff.

**ANSWER:**
**On September 1, 1999, Mullaney falsely alleged that plaintiff acted inappropriately towards him during the 8/31/99 narcotics investigation. September 1999, the plaintiff was maliciously investigated by defendants based upon a false allegation by Mullaney. Suchinski and Mullaney were friends. Suchinski harassed plaintiff on several occasions. Suchinski placed a rubber rat on plaintiff's desk. Suchinski hid the plaintiff's rental car keys. Suchinski failed to give plaintiff important messages. Suchinski made false allegations against plaintiff to get him into trouble. Suchinski encouraged Mullaney to make false allegations against plaintiff regarding the 8/31/99 investigation. Mullaney produced false statements regarding plaintiff's conduct on his report.**

14. To the extent that you claim your psychological condition is an element of damages that you have alleged in your Complaint, please state:

(a) Whether you have ever been examined or treated by a psychiatrist, psychologist or therapist;

**The plaintiff has not treated with any such mental health provider.**

(b) The name and address of each psychiatrist, psychologist or therapist;

(c) The date of the examination or treatment;

(d) Whether you have been discharged from treatment, and if so, by whom, and when; and

(e) Whether you anticipate further examination or treatment, and if so, why.

**ANSWER:**

## REQUESTS FOR PRODUCTION

1. Copies of all statements described in the preceding interrogatories and within the possession or control of you or your representative.

**ANSWER:**
**The plaintiff does not have such materials in his possession.**

2. All documentation that relates to damages referred to by you in your responses to the preceding interrogatories.

**ANSWER:**
**To be provided in damage analysis.**

3. An authorization permitting the undersigned or their representative to obtain full information and copies of records concerning the employment of the plaintiff, including payroll, attendance and medical records.

**ANSWER:**
**To be provided.**

4. Sign and return the attached medical authorization.

**ANSWER:**
**Not applicable.**

5. Sign and return the attached mental health authorization.

**ANSWER:**
**Not applicable.**

6. All photographs, reports, papers, books, journals, diaries, documents, maps, diagrams, drawings, models and other tangible evidence within your control which in any way relate to the allegations of your complaint.

**ANSWER:**
**The plaintiff does not have such materials in his possession.**

15. Please list the names of any medical doctor, psychologist, therapist, pastoral counselor, or the like, from whom you sought medical care as a result of the alleged conduct of the defendants.

**ANSWER:**

**Not applicable.**

16. Please state the names, addresses, and occupations of all persons who have witnessed the conduct referenced above, with whom you have spoken about said conduct, or whom you expect to testify at trial as a witness.

**ANSWER:**

**Chief John DiVener, Capt. Donald Kalwat, Capt. Daniel Ahearn, (Ret.) Det. Lt. Tom Killiany, Sgt. Tom Grimaldi, Det. Dave Plasczenski, Det. Robert Mendella, Det. Dave Carello, Det. Chris Lennon, Ptlmn John Kiszket, Ptlmn Robert Metayer, Ptlmn Frsank Saunders, Ptlmn Dave Thompson (Resg.) Ptlmn Tom Lavinge, Det. Kevin Mellon, Det. Kevin Hayes.**

17. Identify each person who the plaintiff expects to call as an expert witness at trial, and the subject matter on which the expert is expected to testify.

**ANSWER:**

**To be provided.**

18. State the substance of facts and opinions which the expert is expected to testify, as well as a summary of the grounds for each opinion.

**ANSWER:**
**To be provided.**

19. Please list each item of special damages, losses and expenses that you claim resulted from the events alleged in your Complaint.

**ANSWER:**

**To be provided in damage analysis.**

20. State whether you, your attorney or any other representatives have statements of any parties or witnesses, signed or otherwise, in writing, adopted or approved by the person making it, or any stenographic, mechanical, electrical or other recording or a transcription thereof, made by a party or non-party declarant regarding the subject matter of this case or concerning the actions of any party or witness therein, except statements made by a party to his attorney.

**ANSWER:**

**The plaintiff does not have such material in his possession.**

21. If applicable, identify any official policy, regulation or custom that deprived the plaintiff of his due process rights.

**ANSWER:**

**See attached.**

## CERTIFICATION

This is to certify that the foregoing was faxed and mailed postage prepaid to all counsel and pro se parties of record on May 9, 2003:

Michael Rose
Alexandria Bufford
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
fax: 860-246-2375

John K. McDonald, Esq.
Kernan & Henry, LLP
PO Box 2156
Waterbury, CT 08069
fax: (203) 754-2353

Eric R. Brown, Esq.
AFSCME Council 15
90 Pratt Street
Meriden, CT 06450

_____
Erin I. O'Neil

```
 1      U N I T E D   S T A T E S   D I S T R I C T   C O U R T

 2                     DISTRICT OF CONNECTICUT

 3     - - - - - - - - - - - - - - - x
                                     :
 4     ANDREW BARTON,                :
                 Plaintiff,          :        Civil Action
 5                                    :      NO. 3:02CV1210(PCD)
       vs.                           :
 6                                    :
       CITY OF BRISTOL, ET AL,       :       APRIL 10, 2003
 7                 Defendants.       :
                                     :
 8     - - - - - - - - - - - - - - - x

 9                  DEPOSITION OF ANDREW BARTON

10     APPEARANCES:

11             BREWER & O'NEIL, LLC
                   Attorneys for the Plaintiff
12                 818 Farmington Avenue
                   West Hartford, Connecticut 06119
13                 (860) 523-4055
               BY:  ERIN I. O'NEIL, ESQUIRE
14

15             HOWD & LUDORF
                   Attorneys for Defendants City of Bristol
                       and Chief DiVenere
16                 65 Wethersfield Avenue
                   Hartford, Connecticut 06114-1190
17                 (860) 249-1361
               BY:  ALEXANDRIA L. VOCCIO, ESQUIRE
18

19             KERNAN & HENRY, LLP
                   Attorneys for
20                     Defendants Richard Mullaney
                           and Brian Suchinski
21                 207 Bank Street
                   P.O. Box 2156
22                 Waterbury, Connecticut 06722-2156
                   (203) 756-8961
23             BY:  JOHN K. McDONALD, ESQUIRE

24                         NICOLE M. GOSSELIN
                           REGISTERED PROFESSIONAL REPORTER
25                         CONNECTICUT LICENSE NUMBER:  00084
```

```
 1    APPEARANCES (Continued) :

 2            AFSCME COUNCIL 15 LEGAL DEPARTMENT
                 290 Pratt Street
 3               Meriden, Connecticut 06450
                 (203) 237-2250
 4          BY:  ERIC R. BROWN, ESQUIRE

 5

 6    ALSO PRESENT:   RICHARD MULLANEY, Defendant
                      BRIAN SUCHINSKI, Defendant
 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1    in the decision to remove you from the Emergency Response

2    Team?

3        A    I don't believe it would be something that would

4    be, he would be in that chain.

5        Q    To your knowledge was Mr. DeKow involved in the

6    decision to remove you from the Emergency Response Team?

7        A    I have no idea.

8        Q    To your knowledge was Chief DiVenere involved in

9    the decision to remove you from the Emergency Response Team?

10       A    It's probable.

11       Q    Based on what?

12       A    Him being the chief and having the final say.  If

13   he felt that it was improper, he would have refused that to

14   take place.

15       Q    Well, that's a different question then whether or

16   not he's the one who decided to remove you from the

17   Emergency Response Team, isn't it?

18       A    I believe so.

19            I do not know who had the say, I do not know who.

20       Q    Okay.  You have no personal knowledge one way or

21   another whether or not Chief DiVenere was involved in that

22   decision?

23       A    Correct.

24       Q    Can you also refer to Section 1.0 of the code of

25   conduct and tell me what is the maximum penalty for first

```
 1    STATE OF CONNECTICUT   :

 2                              ss.

 3    COUNTY OF HARTFORD     :

 4

 5            I, Nicole M. Gosselin, R.P.R., a Notary Public

 6    for the state of Connecticut, do hereby certify that the

 7    deposition of ANDREW BARTON, was taken before me pursuant to

 8    the Federal Rules of Civil Procedure, at the offices of Howd

 9    & Ludorf, 65 Wethersfield Avenue, Hartford, Connecticut,

10    commencing at 10:10 a.m., on Thursday, April 10, 2003.

11            I further certify that the witness was first

12    sworn by me to tell the truth, the whole truth, and nothing

13    but the truth, and was examined by counsel, and his

14    testimony stenographically reported by me and subsequently

15    transcribed as hereinbefore appears.

16            I further certify that I am not related to the

17    parties hereto or their counsel, and that I am not in any

18    way interested in the event of said cause.

19            Dated at Hartford, Connecticut, the 9th day of

20    May, 2003.

21
                        Nicole M. Gosselin
22
                        Nicole M. Gosselin, R.P.R.
23                           Notary Public

24    My Commission Expires December 31, 2006.

25
```

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

ANDREW BARTON

CIVIL ACTION NO.:
302 CY 1210 (PCD)

VS.

CITY OF BRISTOL

APRIL 7, 2003

## PLAINTIFF'S RESPONSES TO UNION'S
### INTERROGATORIES AND REQUESTS FOR PRODUCTION

Pursuant to Rule 33 of the Fed. R. Civ. P ., the Union Defendants, Local 754 AFSCME,

and Melvin DeKow, hereby respectfully request the Plaintiff, Andrew Barton, be required to

comply with each of the following requests for items of information and documentation, and to

supply amended responses thereto as additional, corrected or supplemental information is

revealed, up to and including the time of trial. The Union Defendants represent that each of the

requested items of information and documentation would be of assistance in the defense of this

lawsuit and can be obtained and provided by the Plaintiff with substantially greater facility than

could otherwise be obtained by the Union Defendants.

I. DEFINITIONS:

1. "Identify", as used in these Interrogatories, means to give the name, present address, present

business address, and telephone number, if known, of each individual.

2. "Plaintiff" and "You", as used in these Interrogatories, shall include servants, representatives,

agents and employees, other than attorneys, and all other persons acting or purporting to act on

the Plaintiffs or your behalf.

3. "Person", as used in these Interrogatories, shall mean any individual, corporation, partnership, association, organization or other entity .

4. "Defendant" or "Union Defendant", as used in these Interrogatories, shall mean Local 754, AFSCME, or Melvin DeKow.

## II.  INSTRUCTIONS:

If any information requested in any Interrogatory is being withheld because of the claim of privilege, state with respect to each such Interrogatory:

a. That information that is being withheld;

b. The identity of such information with sufficient particularity as to enable the plaintiff to bring meaningfully before the court any dispute concerning the claim of privilege.

## III. BY WAY OF INTERROGATORIES:

1. Have you made any statements to any person regarding any of the incidents alleged in the complaint against the union defendants?

**RESPONSE:**

**Yes.**

2. If the answer to interrogatory #1 is affirmative, state:

a. The name and address of the person or persons to whom such statements were made;
No written, recorded or stenographer

**The plaintiff gave privileged statements to his attorneys**

b. The date on which such statements were made;

c. The form of the statement (i.e., whether written, made by recording device, or recorded by a stenographer, etc.).

d. The name and address of each person having custody, or a copy or copies of each statement.

3. State your name, home address and telephone number.

**RESPONSE:**

**Andrew Barton**
**153 Southdown Dr.**
**Bristol, CT**

4. State whether you have filed internal union charges of misconduct against any union members arising out of the facts alleged in your complaint. If so, state the member against whom charges were filed; the date of the charges; the person with whom the charges were filed; and the substance of the charges.

**RESPONSE:**
**No**

5. State each and every way by which the Defendant failed to represent your interests as required by statute.

**RESPONSE:**

**The union did not pursue the plaintiff's grievance final level.**

6. State each and every way by which the Defendant acted under color of law to deny you rights protected by the U.S. Constitution or 42 U.S.C. 1983.

**See complaint, counts one, two, three and four.**

7. State whether you have received medical treatment of any kind for the emotional and mental harm allegedly suffered by you as a result of the claims alleged in your complaint. If so, state the name, address, and telephone number of each person who treated you for the aforesaid emotional and mental harm, and the dates such treatment was rendered.

**RESPONSE:**

**The plaintiff has not received any such treatment.**

8. State whether, prior to the events alleged in your complaint, you have suffered from mental or emotional illness. If so, state the nature of the illness and the dates that you suffered from said illness, and identify any medical or psychological professionals who treated you for said illnesses.

**RESPONSE:**

**The plaintiff has not received any such treatment.**

9. Describe with particularity the injuries and damages which you have suffered as a result of the alleged wrongful Conduct of the union defendants as alleged in your complaint.

**RESPONSE:**

**Loss of overtime wages from lack of work on the ERT.**

10. Describe with particularity each and every way in which the union defendants allegedly failed to represent you, and state the dates on which such failure occurred.

**RESPONSE:**

**The union defendants did not pursue the plaintiff's grievance regarding his removal from the ERT.  The dates are unknown to the plaintiff.**

11. Have you obtained any statements from any person regarding any of the incidents alleged in the complaint against the union defendants?

**RESPONSE:**

**The plaintiff has not obtained any such statements.**

12. If the answer to interrogatory #11 is affirmative, state:

a. The name and address of the person or persons from whom such statements were taken;

b. The name and address of the person or persons to whom such statements were made:

c. The date on which such statements were made;

d. The form of the statement (i.e., whether written, made by recording device, or recorded by a stenographer, etc.).

e. The name and address of each person having custody, or a copy or copies of each statement.

**RESPONSE:**

**Not applicable.**

13. Identify each person of whom you knowledge who can independently support the allegations made against the Union Defendants in your complaint.

**RESPONSE:**

**Chief John DiVener, Capt. Donald Kalwat, Capt. Daniel Ahearn, (Ret.) Det. Lt. Tom Killiany, Sgt. Tom Grimaldi, Det. Dave Plasczenski, Det. Robert Mendella, Det. Dave Carello, Det. Chris Lennon, Ptlmn John Kiszket, Ptlmn Robert Metayer, Ptlmn Frsank Saunders, Ptlmn Dave Thompson (Resg.) Ptlmn Tom Lavinge, Det. Kevin Mellon, Det. Kevin Hayes.**

## BY WAY OF PRODUCTION

Pursuant to Rule 34 of the Fed.R.Civ.P, the Union Defendants request that the following items be produced by the plaintiff:

1. Any and all documentation, writings, letters, notes, memoranda, recordings, statements, filings or written documentation of any kind referenced in your response to the Defendants' Interrogatories #s 1,4,5,6,9, 10, 11, 12, and 13.

**RESPONSE:**

**The plaintiff does not have any such material in his possession.**

2. Any and all notes, records, bills, prescriptions or other medical documentation from any medical treatment personnel as referenced in your response to Defendants' Interrogatory #s 7 and 8.

**RESPONSE:**

**The plaintiff does not have any such material in his possession.**

3. The report of any expert whom you intend to call as a witness in this trial.

**RESPONSE:**

**The plaintiff does not have any such material in his possession.**

4. Copies of any bill, receipt or appraisal regarding your claimed damages.

**RESPONSE:**

**The plaintiff does not have any such material in his possession.**

5. Copies of any photographs and/or video tapes identified in response to the previous interrogatories.

**RESPONSE:**

**The plaintiff does not have any such material in his possession.**

6. A signed authorization permitting counsel for the undersigned defendant to obtain copies of your income tax returns filed for the years 1998 through 2002.

**RESPONSE:**

**To be provided.**

7. Copies of all bills for all expenses, property damage estimates and/or repair bills, and any other expense stated in answer to interrogatories above.

**RESPONSE:**

**The plaintiff does not have any such material in his possession.**

PLAINTIFF,
ANDREW BARTON

BY

Erin I. O'Neil
Brewer & O'Neil
818 Farmington Avenue
West Hartford, CT  06119
(860) 523-4055
Fed. ct# 23073

## CERTIFICATION

This is to certify that the foregoing was mailed postage prepaid to all counsel and pro se parties of record on April 7, 2003:

Michael Rose
Alexandria Bufford
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
fax: 860-246-2375

John K. McDonald, Esq.
Kernan & Henry, LLP
PO Box 2156
Waterbury, CT 08069
fax: (203) 754-2353

Eric R. Brown, Esq.
AFSCME Council 15
90 Pratt Street
Meriden, CT 06450

Erin I. O'Neil

## VERIFICATION

I, <u>Andrew Barton</u>, hereby certify that I have reviewed the above Interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

PLAINTIFF

Andrew Barton

Subscribed and sworn to before me this 2nd day of January, 2003.

Commissioner of Superior Court

1

5

## Affidavit of Robert Mendela

The undersigned being duly sworn, deposes and says:

1.      I am over the age of 18 years and understand the obligation of an oath.

2.      On October 1, 1999, in my official position as vice president of Local 754, Council 15 AFSCME, I received a memo from Andrew Barton on "Bristol Police Department" letterhead, requesting that the Union grieve Andrew Barton's removal from the ERT team which occurred on September 24, 1999.

3.      On October 5, 1999, I, on behalf of the Union, filed Local Grievance number 99-38, grieving Andrew Barton's removal from the ERT team, which resulted from an allegedly unjustified written reprimand.

Robert Mendela

STATE OF CONNECTICUT      :

                                  :      SS: BRISTOL

COUNTY OF HARTFORD       :

      The foregoing affidavit was subcribed and sworn to by *Robert Mendella*, before me, this 31st day of July, 2003.

                                      Eric R. Brown

                                      Commissioner of the Superior Court

**BRISTOL POLICE DEPARTMENT**

6

DAY <u>Friday</u> DATE <u>10-01-99</u>   TIME_____

TO:_           Det. R. Mendella

FROM:_        Det. A.J. Barton

SUBJECT:_     Greivence

      On or about Friday, 09-24-99, Capt. Kalwat called me into his office, and informed me he was removing me from the ERT Team. I would like to Grieve this.


Respectfully

Det. A.J. Barton

<u>FIRST STEP RESPONSE:</u>  The grievance was submitted to me on _10/5/99_

My response is as follows: ___Denied - properly Removed_

___as per G.O. 95-1-134.___

_____

_____

_____

Signed _____  Title _Chief____  Date _10/25/99___

RECEIVED
BRISTOL POLICE DEPT
Oct 20 2 51 PM '99

<u>SECOND STEP RESPONSE:</u>  The grievance was submitted to me on _____

My response is as follows: _____

_____

_____

_____

Signed_____  Title_____  Date_____

<u>THIRD STEP RESPONSE:</u>  The grievance was submitted to me on _____

My response is as follows: _____

_____

_____

_____

Signed_____  Title_____  Date_____

\*\*\*\*\*\*\*\*\*\*\*\*
Waiver Form:  The time limits for submission to Step # 1, 2, 3, 4
     (CIRCLE) have been extended for a period.

of_____  Signed_____  Date_____
                 Municipal Representative

<u>N.B.  EMPLOYER</u>
     IN ORDER THAT THE UNION CAN DETERMINE WHETHER TO PROGRESS THIS
     GRIEVANCE, IT REQUESTS THE FOLLOWING INFORMATION.

     1.  Any and all records, documents and/or statements in the
         municipality's possession pertaining to this matter.

     2.  A written detailed explanation for the decision to deny this