# CONNECTICUT COUNCIL OF POLICE UNIONS NO. 15

American Federation of State, County, and Municipal Employees

Official Grievance Form

Grievance No. 99-38

Date Submitted: 10/05/99

Local No. 754

Municipality: Bristol

Grievant: Det. A. J. Barton

Class Action: no

Signature of Union Rep. _[signature]_     Title : Vice President

## STATEMENT OF GRIEVANCE

ARTICLES & SECTIONS OF THE CONTRACT WHICH PERTAIN TO THIS ISSUE:
Article : 15:0.2.1 through 15:0.2.3

but not limited thereto

GRIEVANCE : That on Sept. 24, 1999, Det. A. Barton was removed from the Emergency Response Team as the result of a written reprimand he received. The reprimand did not involve Det. Barton's performance as a member of E.R.T. The removal is without just cause.

REMEDY: That the City reinstate Det. Barton to the Emergency Response Team without prejudice.

and to be MADE WHOLE.

## Affidavit of Kevin Mellon

The undersigned being duly sworn, deposes and says:

1. I am over the age of 18 years and understand the obligation of an oath.

2. On October 20, 1999, I, serving in my official capacity as Grievance Chairman of Local 754, filed Andrew Barton's grievance #99-38 to the second step of the grievance process.

3. On November 12, 1999, I filed the grievance with Jim Byer, Director of Personnel, and Dr. Chmieleski of the Police Commission, seeking a hearing.

4. On March 9, 2000, I sent an MDT (mobile data terminal) message over the Bristol Police Department MDT system advising Andrew Barton and Melvin DeKow of an arbitration hearing to be held on May 3, 2000 in reference to grievance #99-38.

Kevin Mellon

*(signature)*

STATE OF CONNECTICUT         :
                             :   SS: BRISTOL
COUNTY OF HARTFORD           :

  The foregoing affidavit was subcribed and sworn to by _Kevin Mellon_, before me, this 31ˢᵗ day of July, 2003.

                 _____
                 Eric R. Brown
                 Commissioner of the Superior Court

*Bristol Police Union*
*Local 754*
*AFL-CIO AFSCME Council 15*
131 North Main Street
Bristol, Connecticut 06010

CIT. E.
PERSONNEL DEPT.
RECEIVED
OCT 21 1999
AM
7,8,9,10,11,12,1,2,3,4,5,6 PM

DATE: 10/20/99

TO: Jim Byer – Personnel Director

FROM: Kevin Mellon – Grievance Chairman

RE: Grievance 99-38 (A.Barton / ERT removal)

Sir,
    This grievance was denied at the first step. In accordance with the working agreement, it is being submitted to you. The original grievance was denied on 10/5/99 according to the Chief's signature. However, the reply was not forwarded to the Union until 10/20/99.

                                                      Sincerely,

cc:file

*Bristol Police Union*
*Local 754*
*AFL-CIO AFSCME Council 15*
131 North Main Street
Bristol, Connecticut 06010

DATE: 11/12/99

TO: Jim Byer – Director of Personnel      *DR. CHMIELESKI – Police Commission*

FROM: Kevin Mellon – Grievance Chairman

RE: Grievance 99-38 (A.J. Barton / E.R.T removal)

Sir,
    This grievance was denied at the first step. The City Personnel Dept. refused to have a hearing in accordance with sec. 15:1.2 of the working agreement. Therefore there was no hearing at second step. In accordance with the working agreement, it is being submitted to you for a hearing.

Sincerely,

cc: union file

**OFFICIAL REQUEST FOR GRIEVANCE ARBITRATION**
**FORM TO BE SUBMITTED WITH FILING FEE**
- complete one form for each grievance
- filing fee must accompany grievance
- original to State Board of Mediation and Arbitration
- copy to employer/employee organization

**LABOR DEPT. USE ONLY**
CASE NO. 9900-A-455
Mediator Sweeney

## STATE BOARD OF MEDIATION AND ARBITRATION
38 Wolcott Hill Road, Wethersfield, CT 06109 (860)566-4394

**EMPLOYEE ORGANIZATION (Union) INFORMATION**
Union: Bristol Police Union Local 754, Council #15, AFSCME, AFL-CIO
Union Official: Chip DeKow, President
Address: 131 North Main Street, Bristol, CT 06010
Phone: 860-584-7915    Fax:

**REPRESENTATIVE FOR LABOR**
Eric R. Brown, Staff Attorney
CT Council of Police Unions #15, AFSCME
290 Pratt Street, Meriden, CT 06450
Phone: 203-237-2250    Fax: 203-237-2262

**PROCEDURE SELECTED:** Tripartite: X   Expedited:    If expedited, neutral choice is:
Name of Grievant(s): A. Barton         Grievance No.: 99-38
For SBMA processing purposes only, please describe the nature of this grievance:
(Include length) Suspension:           Layoff            Termination:
Other: Demotion and Discipline without just cause

**MEDIATION REQUESTED:** Yes:    No: X

Filed by (Signature) _Eric Brown_
Print Name: Eric R. Brown    Date: December 7, 1999    Title: Staff Attorney

**EMPLOYER INFORMATION**
City or Town: City of Bristol
Name: Frank Nicastro, Mayor
Address: 111 North Main Street, Bristol, CT 06010
Phone: 860-584-7600    Fax:

**REPRESENTATIVE FOR MANAGEMENT**
Name: James Byer, Personnel Director
Address: 111 North Main Street, Bristol, CT 06010
Phone: 860-564-7600    Fax:

---

**LABOR DEPT. USE ONLY**
Employee Org. Check No. 685        Date Received 12/9/99
Employer Check No. ___              Date Received ___
Panel Member(s) ___
Hearing Date(s) ___
Disposition ___                     Date Closed ___

(SBMA Date Stamp Only)

**RECEIVED**
DEC 0 9 1999
DEPARTMENT OF LABOR
BD. OF MEDIATION & ARBITRATION

# Connecticut
# Department of Labor

*Working with you for a better future.*

Board of Mediation and Arbitration
Chair
Robin E. Miller
Deputy Chair
Gerald T. Weiner, Esq.
Management
David A. Ryan
Edward H. Simpson
Labor
Michael J. Ferrucci, Jr.
Raymond D. Shea

**FOR MANAGEMENT**
Michael E. Foley, Esquire
Pepe & Hazard
Goodwin Square
Hartford       CT   06103-

**FOR THE UNION**
Eric R. Brown, Esquire
AFSCME, CO. 15
290 Pratt Street
Meriden        CT   06450-

Catherine J. Serino, Director
Wednesday, March 01, 2000

Bristol, City of
-and-
AFSCME Co. 15       Local 754

| Case # 9900-A-0455 | Barton, A. | 99-38 | *Demotion and Discipline without just cause* |

The Board has determined that only those grievance arbitration cases which are in the active file for more than 6 months will be assigned hearing dates. Cases should be heard in the order listed. The second case should immediately follow the completion of the first case. The above case(s) are assigned for an Arbitration hearing on:

**Wednesday, May 03, 2000 at   1:00 pm   at 38 Wolcott Hill Road, Wethersfield, CT**

Effective July 1, 1996, ONE postponement per grievance will be granted for case(s) that have been unilaterally assigned hearing dates by the Board providing all the specific steps for exercising this option are followed. Prior to contacting the Board, the requesting party must obtain agreement for the postponement and a mutually agreeable date for rescheduling from the other party. This date must be at least three (3) but not more than six (6) months from the date of the postponement request. **The requesting party must then contact the Board within fifteen (15) days from the receipt of the hearing notice and present all of the above information to the contact person listed below.** Any conflict with the Board's calendar concerning a date will result in the requesting party obtaining another mutual date. If these steps are not followed or the parties cannot reach agreement, the postponement request will be handled under the Board's regular postponement policy. Any subsequent requests for postponements will also proceed under the regular postponement policy.

**NOTE: In compliance with the "Withdrawal/Settlement" policy, the Board must receive notice of withdrawal/ settlement of this case on or before 4/26/2000. If the Board does not hear from you by date, a representative of labor or management must personally appear before the Board to present such withdrawal/settlement.**

XC:   James Byer, Pers. Dir.
      Kevin Mellon, Grievance Chair

**CONTACT PERSON**
Brigitta Rainey
Tel: 566-4125

13

MDT message to A.J. Barton and Dekow 3/9/00 @ 08:40 Hrs.

Labor Board hearing for A.J. Barton re: ERT removal grievance 99-38 will be held on Wednesday May 3, 2000 @ 13:00 Hrs. at 38 Wolcott Hill Rd, Wethersfield. Please let me know when you get this message. The "Return Receipt" function doesn't always work.   MEL.

STATE OF CONNECTICUT
DEPARTMENT OF LABOR
STATE BOARD OF MEDIATION AND ARBITRATION

ARBITRATION AWARD

| | | |
|---|---|---|
| In the Matter of: | ) | CASE NO.    9900-A-0455 |
| CITY OF BRISTOL | ) | HEARING DATE:    May 3, 2000 |
| -and- | ) | AWARD DATE::    April 19, 2001 |
| AFSCME CO. 15 LOCAL 754 | ) | LOCATION OF HEARING<br>Department of Labor<br>Wethersfield Ct. |

APPEARANCES:

For the City:    Michael E. Foley, Esquire
                 Theodore D. Glanzer, Esquire

For the Union:   Eric R. Brown, Esquire

ISSUE

Is Case No. 9900-A-0455 Arbitrable?

CASE NO. 9900-A-0455                                                                          PAGE 2

## FACTS

The City of Bristol, the "City" and AFSCME Council 15, Local 754, the "Union," are the parties involved in this instant dispute. The Union submitted its grievance, Number 99-38, on behalf of Detective A. J. Barton, the "Grievant," on October 5, 1999. The Grievance cited Article 15.0.2.1 through 15.0.2.3, but not limited thereto. The grievance was filed as a result of the Grievant's removal from the Emergency Response Team on September 24, 1999 as a result of a written reprimand he received. At the scheduled hearing involving this grievance, the City adhering to the rules specified under the procedures of the SBMA raised the issue of arbitrability which the Panel was directed prior to addressing any other issue.

## POSITION OF THE CITY

Under Conn Gen Stat. 7-472, an arbitration panel has the authority only to "interpret [] or appl[y] ... the terms of a written agreement". Since the Union failed to follow the grievance procedure as set forth in Article XV of the Agreement by skipping a step in processing the grievance and by failing to cite a specific Article and Section alleged to have been violated. Therefore, the City argued the grievance was not arbitrable. Relevant Contract Provisions are:

> 15:0.2 Step One: The aggrieved shall submit his written grievance to the Chief of Police of his designee, setting forth the applicable Article and Section of the Agreement which is alleged to have been violated. The grievance must be answered in writing within eleven (11) calendar days after receipt.
>
> 15:1.2 Step Two: Should the grievance not be settled to the satisfaction of the aggrieved, it shall be submitted within fourteen (14) calendar days to the Director of Personnel. The decision of the Director of Personnel shall be rendered in writing to all parties involved within fifteen (15) calendar days after receipt.
>
> 15:1.3 Step Three: Should the grievance not be settled to the satisfaction of the aggrieved it shall be submitted within fourteen (14) calendar days to the Board of Police Commissioners or its designated committee. The decision of the Board of Police Commissioners shall be rendered in writing to all parties involved within fifteen (15) calendar days after receipt.
>
> 15:1.4 Step Four: Should the grievance not be settled to the satisfaction of the Union, it may within twenty (20) calendar days after receipt of the decision rendered in Step Three submit the grievance to arbitration, with a copy to the Director of Personnel. Arbitration shall be conducted by the Connecticut State Board of Mediation and Arbitration in accordance with its rules and regulations. The arbitrators shall hear and decide only one (1) grievance in each case. They shall be bound by and must comply with the specific

CASE NO. 9900-A-0455                             PAGE 3

terms of this Agreement. They shall have no power to add to, delete from, or modify in any way any of the provisions in this Agreement.

The City argued it only changed the Grievant's assignment. He continued to receive the same pay, benefits and seniority as in his prior assignment. Nonetheless, the Union grieved the City's action under Article XV, arguing the removal was disciplinary and without just cause. Under the Agreement the Union is required to cite a specific Article and Section which has been violated. In its original grievance no Article and Section is cited. At Step 1, the Chief denied the grievance on October 5, 1999. The Union did not follow Article XV, Section 15:1.2 by going next to Step 2, but instead, it choose to move unilaterally to Step 3. The Union argued that the City's representative at Step 2, the Assistant Director of Personnel, lacked the authority to resolve the dispute. Under the Article XV, "the City can represent [itself] and/or have a representative of [its] choice." The representative for the City previously has heard at least forty grievances without Union complaint. For the Union's failure to follow the dictates of the Agreement, the City claims this grievance is not arbitrable.

### POSITION OF THE UNION

The Union argued that it did in fact specify the Article and Sections which it believed was the basis for its grievance. The grievance was denied at the First Step. Therefore, a Step 2 hearing was scheduled at which the Union objected to holding a hearing before the Assistant Director of Personnel, claiming such a procedure was violation of Article 15:1.2 of the Agreement. The Union then moved to Step 3, and when the Police Commission denied the grievance, the Union filed the grievance at Step IV on December 9, 1999.

It was the City that failed to follow the Agreement when it sent the Assistant, not the Director of Personnel who under the contract shall render the decision. In order to render a decision, the Union argued the Director shall be present at the hearing.

### DISCUSSION

The Panel reviewed the issue put before it by the Parties. It reviewed the relevant contract language and agreed that the grievance itself did cite a section which the Union could use as the basis for its grievance. However, the Union clearly failed to follow the contract when it by passed Step 2. The purpose of a grievance procedure is to resolve issues in dispute. The contract states the City has the right to send anyone it chooses. The Union did not like it and

CASE NO. 9900-A-0455                                                                    PAGE 4

refused to meet. It choose to ignore the contract. If this was a problem, the Union should have proceeded with Step 2 and grieved the format. It was clear from the testimony taken that Step 2 was skipped when both parties agreed to do so. There was not such agreement in this case. By refusing to meet at Step 2 with the City's designee, the Union forfeited its right to proceed.

## AWARD

Case No. 9900-A-0455 is not Arbitrable.

_____
Joseph Parker, PhD
Panel Chair

_____
Victor Muschell, Esquire
Management Member

_____
John P. Colangelo
Union Member