FILED
Oct 15  9 56 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREW BARTON,<br>　　　　Plaintiff | : | CIVIL ACTION |
| | : | |
| VS. | : | NO. 302CV1210(PCD) |
| | : | |
| CITY OF BRISTOL; AND IN THEIR INDIVIDUAL<br>AND OFFICIAL CAPACITIES, RICHARD MULLANEY<br>POLICE SERGEANT; BRIAN SUCHINSKI, POLICE<br>DETECTIVE; AFSCME LOCAL 3754; AND IN HIS<br>INDIVIDUAL AND OFFICIAL CAPACITY MELVIN<br>DEKOW, UNION PRESIDENT<br>　　　　Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: | <br><br><br><br><br><br>OCTOBER 14, 2003 |

**DEFENDANTS', RICHARD MULLANEY AND BRIAN SUCHINSKI'S, REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 9(g) of the Local Rules of Civil Procedure, the defendants, Richard Mullaney and Brian Suchinski, hereby submit the following memorandum of law in reply to the plaintiff's Joint Opposition to all Defendants' Motions for Summary Judgment dated September 21, 2003.

I.   **The plaintiff's contention that he had never been reprimanded by the Bristol Police Department prior to the incident in question is false.**

In his memorandum in opposition o the defendants' motion for summary judgment and his supporting affidavit, the plaintiff states that prior to the September 14, 1999 reprimand which is the subject of this action, he had never been reprimanded by the Bristol

Police Department. (Plaintiff's Memo. at 2; Affidavit ¶ 37). This statement is false. In the mid-1980's, the plaintiff received a two-day suspension as a result of being involved in an automobile accident while operating a Bristol Police Cruiser. (Exhibit "L," Plaintiff's Deposition at 103). In 1997, the plaintiff received a written reprimand from Captain Kalwat for abuse of sick time. (Exhibit "L" at 104). Furthermore, in 1997, the plaintiff was placed on a six-month ERT probation stemming from "potentially embarrassing remarks made by Barton at the Smith & Wesson Academy and for an embarrassing display of attitude at a training demonstration with Southington P.D." (Exhibit "M," Memo. of Capt. Kalwat 12/5/97; Exhibit "N," Memo. of Capt. Kalwat 10/9/98).

## II.   **The plaintiff has failed to sufficiently demonstrate an Equal Protection claim.**

In his memorandum in opposition to the defendants' motion for summary judgment, the plaintiff argues that he has experienced "adverse employment action" in violation of his equal protection rights. (Pl. Memo at 11-12). In making this argument, the plaintiff confuses the standard for an equal protection claim with the standard required for statutory employment discrimination claims.

Thus, an equal protection claim requires the plaintiff to prove that he was treated differently from similarly situated individuals based upon an impermissible motive such as

2

such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person. *See* <u>Harlen Assoc. Inc. v. Village of Mineola</u>, 273 F.3d 494, 499 (2d Cir. 2001). The cases cited by the plaintiff, however, involve the issue of whether a plaintiff suffered some adverse employment action in violation of an anti-discrimination law such as Title VII or the ADEA. These cases have no bearing on the analysis of an equal protection claim.

### III. The plaintiff has failed to establish a violation of his Due Process rights.

In his memorandum in opposition to the defendants' motion for summary judgment, the plaintiff argues that the appropriate standard by which to evaluate his due process claim is the "subjective deliberate indifference standard" articulated by the U.S. Supreme Court in <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994) and discussed by the U.S. District Court, Chatigny, J., in <u>Hanrahan v. City of Norwich</u>, 959 F.Supp 118, 122 (1997). (Plaintiff's Memo. at 13-14).

The <u>Farmer</u> case did not involve a due process claim. Instead, in <u>Farmer</u>, the plaintiff, a federal prisoner, asserted a claim of cruel and unusual punishment in violation of the Eight Amendment to the United States Constitution. Furthermore, in <u>Hanrahan</u>, the Court stated that "to prove a due process violation based on an act or omission of a *custodial*

3

*official*, it must be established that the official acted in reckless disregard of a substantial risk to the *detainee's* health or safety because of deliberate indifference to the *detainee's* needs." Hanrahan, 959 F.Supp. at 122, citing Weyant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996) (Emphasis added).

Accordingly, in the Second Circuit, the deliberate indifference standard applies to a due process claim only where the plaintiff is detained by a custodial official and there is a substantial risk to the plaintiff's health or safety. In the present case, the plaintiff makes no claim that he was a detainee in the custody of the defendants. Furthermore, the plaintiff does not claim that the alleged conduct of the defendants posed a substantial risk to his health or safety. Therefore, the "subjective deliberate indifference standard" has no application to the instant action.

**IV.    The plaintiff has failed to establish a First Amendment retaliation claim.**

"To prevail on a First Amendment retaliation claim, the plaintiff must establish: (1) that the speech or conduct at issue was protected; (2) that the defendant took adverse action against the plaintiff . . ." Plaintiff's Memo. at 15, quoting Garcia v. S.U.N.Y. Health Sciences Center, 280 F.3d 98 (2d Cir. 2001); Dawes v. Walker, 239 F.3d 489, 492 (2d Cir. 2001). In his memorandum in opposition to the defendants' motion for summary judgment,

4

the plaintiff fails to identify a single instance of constitutionally protected speech or conduct. Instead, the plaintiff cites only the filing of a grievance regarding his removal from the ERT and the filing of the instant lawsuit. A personal grievance concerning internal office affairs is not related to matters of public concern, and, therefore, is not constitutionally protected. *See* Connick v. Myers, 461 U.S. 138, 154 (1983); Lewis v. Cowen, 165 F.3d 154, 163-64 (2d Cir. 1999).

Furthermore, the plaintiff has failed to establish that the filing of either the grievance or lawsuit resulted in any adverse employment action against him by the defendants, Sergeant Mullaney and Detective Suchinski. By the plaintiff's own recognition, adverse employment action "must be more disruptive than a mere inconvenience or alteration of job responsibilities and might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibililties or other indices . . . unique to a particular situation." Plaintiff's Memo at 11, quoting Gabayala v. New Yory City Bd. of Ed., 202 F.3d 636, 640 (2d Cir. 2000).

In the present case, the plaintiff claims only that, following the filing of the grievance, he was subject to additional scrutiny by Sergeant Mullaney including the keeping

5

of notes concerning the plaintiff's use of sick time. (Plaintiff's Memo. at 16). Such conduct can not reasonably be found to rise to the level of adverse employment action as defined above. Furthermore, the plaintiff fails to allege any adverse employment action at all taken which was taken against him by Detective Suchinsk.

V. **Conclusion**

For the foregoing reasons, the defendants' motion for summary judgment should be granted in its entirety.

>DEFENDANTS,
>RICHARD MULLANEY and
>BRIAN SUCHINSKI
>
>BY /s/ Melissa A. Scozzafava
>Melissa A. Scozzafava
>Of Kernan & Henry, LLP
>P.O. Box 2156
>Waterbury, CT 06722-2156
>Federal Bar No.: CT 23560

6

## CERTIFICATION

I hereby certify that a true copy of the foregoing Objection was mailed, first class mail, postage prepaid, on October 14th, 2003 to:

Erin I. O'Neil, Esq.
Brewer & O'Neil
818 Farmington Avenue
West Hartford, CT 06119

Alexandria L. Bufford, Esq.
Michael J. Rose, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Richard Lacey, Esq.
Corporation Counsel
City of Bristol
111 North Main Street
Bristol, CT 06010

Eric R. Brown, Esq.
AFSCME Council 15 Legal Dept.
290 Pratt Street
Meriden, CT 06450

_____
Melissa A. Scozzafava

KERNAN & HENRY, LLP   ATTORNEYS AT LAW
P. O. BOX 2156   •   WATERBURY, CONNECTICUT 06722   •   (203) 756-8961   •   JURIS NO. 30960   •   FAX (203) 754-2353