FILED
Oct 15  9 56 AM '03
U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW BARTON | NO.: 3:02CV1210 (PCD) |
| v. | |
| CITY OF BRISTOL; AND IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, RICHARD MULLANEY, POLICE SERGEANT; BRIAN SUCHINSKI, POLICE DETECTIVE; AFSCME LOCAL # 754; AND IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, MELVIN DEKOW, UNION PRESIDENT | JULY 31, 2003 |

## LOCAL RULE 56(a)(1) STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(a)(1) of the Local Rules of Civil Procedure, the defendant, **CITY OF BRISTOL**, respectfully submits the following material of facts in support of its Motion for Summary Judgment:

1. The plaintiff, Andrew Barton, was hired as a police officer with the Bristol Police Department in August 1986. See Plaintiff's Complaint, Count One, ¶ 5; **Exhibit A**, p. 11.

2. He was promoted to detective in June 1997, and assigned to the narcotics unit in the fall of that year. See Plaintiff's Complaint, Count

    One, ¶¶ 6, 7; and **Exhibit A**, pp. 13, 17, 134.

3. On August 31, 1999, the Bristol and West Hartford police departments were involved in a joint narcotics investigation. <u>See</u> Plaintiff's Complaint, Count One, ¶ 9; **Exhibit A**, p. 29; **Exhibit G**.

4. Detectives from the two departments arranged for a controlled delivery of an intercepted shipment of marijuana at Meineke Muffler in Bristol. <u>See</u> **Exhibit A**, p. 29; **Exhibit G**.

5. The delivery of marijuana was accepted and signed for by an employee, Rivera, at which time the officers converged on the business, and eventually arrested the employee/suspect. <u>See</u> **Exhibit A**, p. 34; **Exhibit G**.

6. While on the scene, Det. Sgt. Mullaney determined that probable cause existed to arrest the suspect, and advised Det. Lennon of his decision to effectuate the arrest. <u>See</u> **Exhibit A**, pp. 37, 39, **Exhibit C**; **Exhibit O**.

7. Thereafter, Det. Lennon located Det. Barton, advised Det. Barton of Det. Sgt. Mullaney's decision to arrest the suspect, and reportedly requested that Det. Barton speak with Det. Sgt. Mullaney regarding his decision. <u>See</u> **Exhibit A**, p. 37; **Exhibit O**.

8. Det. Barton complied. He returned inside with Det. Lennon to speak with Det. Sgt. Mullaney. <u>See</u> **Exhibit A**, p. 37; **Exhibit O**.

9. Det. Sgt. Mullaney again stated that he wanted to arrest the suspect, Rivera, and the three officers engaged in a conversation about this decision. <u>See</u> **Exhibit A**, p. 37; **Exhibit C; Exhibit O.**

10. Barton hotly disputed his superior's decision to effectuate an arrest of Rivera at Meineke Muffler. <u>See</u> **Exhibit C; Exhibit O.**

11. Det. Sgt. Mullaney was Barton's supervisor. <u>See</u> **Exhibit A**, p. 39, **Exhibit R.**

12. According to the plaintiff, Det. Sgt. Mullaney asked him and Det. Lennon why the suspect should not be arrested, and that they simply responded to Det. Sgt. Mullaney's questions. <u>See</u> **Exhibit A**, pp. 37-39.

13. The plaintiff concedes, however, that Det. Sgt. Mullaney had indicated his decision to arrest the suspect before this debate took place. <u>See</u> **Exhibit A**, p. 39.

14. This dispute occurred in the public view. <u>See</u> **Exhibit A**, pp. 29-30, 38-39; **Exhibit C; Exhibit O.**

15. This debate occurred in front of the suspect, Rivera, and two other Meineke employees, Burke and Castillo. <u>See</u> **Exhibit A**, pp. 29-30, 38-39; **Exhibit C; G; Exhibit O.**

16. At least two West Hartford Detectives were present. <u>See</u> **Exhibit A**, p. 30; **Exhibit C; Exhibit O.**

3

17. At least two City of Bristol Detectives were present. See **Exhibit C; Exhibit O**.

18. Det. Sgt. Mullaney prepared a report to Det. Lt. Killiany regarding the incident, stating that Det. Barton's vigorous, public opposition to his decision caused a scene and violated sections 2.22 and 1.00 of the Bristol Police Department's Code of Conduct. See **Exhibit B; Exhibit C**.

19. These charges were for conduct that took place on August 31, 1999 while Barton was on active duty with the City of Bristol Police Department, and were a significant concern for Det. Sgt. Mullaney, Barton's supervisor. See **Exhibit C; Exhibit D; Exhibit O**.

20. Det. Lt. Killiany reviewed Det. Sgt. Mullaney's report and found that Barton's behavior was "totally inappropriate and bordered on insubordination." See **Exhibit D**.

21. Det. Lt. Killiany recommended Barton be "issued a written reprimand for violation of Sections 1.00 – Conduct Unbecoming an Officer and 2.22 – Quarrelling With Other Employees or a Supervisor in the Public View." See **Exhibit D**.

22. The Chief agreed, and the plaintiff was issued a written reprimand on September 14, 1999. See Plaintiff's Complaint, Count One, ¶24; **Exhibit A**, p. 42, **Exhibit E; Exhibit R**.

4

23. Barton could have been suspended for 15 days for his behavior for a first offense. See **Exhibit B**, Preamble; **Exhibit A**, p. 42.

24. On September 24, 1999, Capt. Kalwat, ERT Commander, informed Barton was removed from the ERT because he had sustained a serious violation of the Bristol Police Department Code of Conduct. See **Exhibit H**, p. 3; Plaintiff's Complaint, Count One, ¶ 26; **Exhibit F**.

25. Pursuant to City of Bristol General Order 95-1-134 on selection and removal of ERT, a detective could be removed from the team for a serious, sustained, violation of the BPD Code of conduct as determined by the Chief of Police and ERT Commander. See **Exhibit H**.

26. The plaintiff had been a member of the ERT since its inception in 1994 or 1995. See **Exhibit A**, p. 20.

27. Barton had been placed on a 6 month ERT probation on December 5, 1997 for poor behavior. See **Exhibit P**.

28. Sgt. Osanitsch had also raised concerns about Barton's performance on the ERT. See **Exhibit Q**.

29. Assignment to the ERT did not involve any change in pay. See **Exhibit A**, p. 21; **Exhibit R**.

30. Barton's base salary was not reduced as a result of being removed from the ERT. See **Exhibit A**, p. 21; **Exhibit R**.

31. Barton's benefits were not changed as a result of being removed from the ERT. See **Exhibit R**.

32. Barton's seniority was not changed as a result of his removal from the ERT. See **Exhibit R**.

33. Barton was not assigned a different rank as a result of being removed from the ERT. See **Exhibit R**.

34. Barton's title was not changed as a result of being removed from the ERT. See **Exhibit R**.

35. The plaintiff was a beneficiary of the collective bargaining agreement between the City of Bristol and AFSCME Local #754. See Plaintiff's Complaint, Count Four, ¶2.

36. The plaintiff grieved his removal from ERT. See **Exhibit A**, pp. 47-48; **Exhibit I**.

37. The grievance went to Step Four arbitration. See **Exhibit A**, pp. 48-49; **Exhibit M**.

38. The plaintiff did not grieve the written reprimand he was given. See **Exhibit A**, pp. 46-48; **Exhibit I**.

6

DEFENDANT,
CITY OF BRISTOL

By /s/ Martha Shaw
Martha A. Shaw
ct12855
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (fax)
E-Mail: mshaw@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 31st day of July, 2003.

Erin I. O'Neil, Esquire
James S. Brewer, Esquire
818 Farmington Avenue
West Hartford, CT  06119

Richard Lacey, Esquire
Corporation Counsel
City of Bristol
111 North Main Street
Bristol, CT  06010

John K. McDonald, Esquire
Giovanna Trocchi Giardina, Esquire
Melissa A. Scozzafava, Esquire
Kernan & Henry, LLP
207 Bank Street
P.O. Box 2156
Waterbury, CT  06722-2156

Eric R. Brown
AFSCME Council 15 Legal Dept.
290 Pratt Street
Meriden, CT  06450

_____
Martha A. Shaw

8