UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Oct 15   9 57 AM '03
U.S. DISTRICT
NEW HAVEN, CONN.

ANDREW BARTON

      PLAINTIFF,

VS.

CITY OF BRISTOL, ET AL.

      DEFENDANTS.

CIVIL ACTION NO.
3:02CV1210 (PCD)

SEPTEMBER 21, 2003

## PLAINTIFF'S JOINT LOCAL RULE 9(c)(2) STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

1. There was no confrontation, the plaintiff responded to questioning from Sgt. Mullaney

2. Denied. Sergeant Mullaney, Detective Lennon, and Detective Barton were the only three individuals present for this discussion.

3. The decision making by a supervisor will affect ERT members.

4. Denied. Mullanry and Suchinski both had influence over the decision to remove the plaintiff from ERT.

5. An ERT benefit also allows for training opportunities and team status.

6. Detective Suchinski did place a rubber rat on the plaintiff's desk.

7. The vehicles were not assigned at that time.

8. There were numerous conversations about the reprimand and removal. The plaintiff was asked to put the removal in writing.

9. The "union" was notified, and the wrote his memo according to what the "union" told him to write.

10. The plaintiff alleges that the violations of his rights include Detective Suchinski's repeated harassment. Sergeant Mullaney's failure to supervise and take action against Detective Suchinski, as well as the improper internal investigation.

11. The plaintiff was already inside the building, in the surveillance van. (Plaintiff's Affidavit.)

12. Sergeant Mullaney repeated the question as to why Rivera should not be arrested at that point. There was not an argument between myself and Mullaney.

13. Burke, Castillo and Rivera were not present

14. There were only three people involved in the discussion.

15. There were only three people involved in the discussion.

16. The events of August 31, 1999 were not of concern for Mullaney.

17. A team member could be removed from the team for a serious violation. The plaintiff suffered from a loss of overtime, loss of training opportunities, loss of the benefit of being in that (ERT) position.

18. The grievance intentionally skipped a step of the process.

19. The grievance filed by the plaintiff was to include the whole process.

PLAINTIFF,
ANDREW BARTON

BY: *[signature]*
Erin O'Neil
Brewer & O'Neil, LLC
818 Farmington Avenue
West Hartford, CT 06119

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed via U.S. Mail, postage pre-paid, on September 21, 2003, to the following:

Michael Rose
Alexandria Voccio
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
fax: 860-246-2375


Melissa A. Scozzafava, Esq.
Kernan & Henry, LLP
PO Box 2156
Waterbury, CT 08069
fax: (203) 754-2353

Eric R. Brown, Esq.
AFSCME Council 15
90 Pratt Street
Meriden, CT 06450
fax: (203) 237-2262

_____
Erin I. O'Neil