FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| ANDREW BARTON | CIVIL ACTION NO. |
| PLAINTIFF, | 3:02CV1210 (PCD) |
| VS. | |
| CITY OF BRISTOL, ET AL. | |
| DEFENDANTS. | SEPTEMBER 21, 2003 |

### PLAINTIFF'S JOINT LOCAL RULE 9(c)(2) STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

**INCIDENT OF 1999**

1. There was no confrontation, the plaintiff responded to questioning from Sgt. Mullaney (Plaintiff's affidavit.)

2. Sergeant Mullaney, Detective Lennon, and Detective Barton were the only three individuals present for this discussion. (Plaintiff's affidavit.)

3. During the conversation between the plaintiff and Mullaney, Mullaney did not at any time warn the plaintiff that he was being insubordinate, did not order the plaintiff to stop arguing with him and did not communicate to the plaintiff in any way that he considered the plaintiff's actions to be in conduct unbecoming. (Mullaney Deposition, p. 74, 75.)

4. The plaintiff was already inside the building, in the surveillance van. (Plaintiff's Affidavit.)

5. Sergeant Mullaney repeated the question as to why Rivera should not be arrested at that point. There was not an argument between myself and Mullaney. (Plaintiff's affidavit.)

## REMOVAL FROM ERT

6. Mullaney and Suchinski both had influence over the decision to remove the plaintiff from ERT. (Mullaney Deposition, p. 26, 28, 29, 30, 32.)

7. An ERT benefit also allows for training opportunities and team status. (Plaintiff's affidavit.)

8. The plaintiff suffered from a loss of overtime, loss of training opportunities, loss of the benefit of being in that (ERT) position. (Plaintiff's affidavit.)

## HARRASSMENT BY SUCHINSKI AND MULLANEY

9. Suchinski worked with the plaintiff in Narcotics and both the plaintiff and Suchinski were supervised by Mullaney. (Mullaney Deposition, p. 18, 23, 51.)

10. Mullaney and Suchinski were friends prior to working together at the Bristol Police Department and had met in 1973. (Mullaney Deposition, p. 23.)

11. Mullaney and Suchinski entered the Bristol Police Department in 1974 and were trained together. (Mullaney Deposition, p. 23, 24.)

12. Mullaney and Suchinski had a social and personal relationship that included visiting each others homes and visiting with each others families. (Mullaney Deposition, p. 26, 28, 29, 30, 32.)

13. Suchinski would constantly complain about and criticize the plaintiff to Mullaney, including stating that the plaintiff was untrustworthy. (Mullaney Deposition, p. 54-57, 60, 63.)

14. Suchinski had a history of making up complaints and instances about the plaintiff in order to complain to Mullaney about the plaintiff and create discipline problems for the plaintiff, specifically (1) Suchinski falsely reported that the plaintiff had thrown a hole-punch in the office but there was no indication that such an event happened and (2) Suchinski falsely reported that the plaintiff pushed papers off of his desk and ignored Suchinski. (Mullaney Deposition, p. 54-57, 60, 63, 87, 98, 91-95.)

15. Mullaney only attempted to resolve the issues between Suchinski and the plaintiff once, in an informal discussion with each separately. (Mullaney Deposition, p. 59.)

16. The Department had a rubber rat that indicated that someone was a snitch and was not to be trusted. (Mullaney Deposition, p. 80, 86, 90.)

17. The plaintiff complained to Mullaney that Detective Suchinski had placed the rubber rat on the plaintiff's desk. (Mullaney Deposition, p. 78, 80-84.)

18. Suchinski has a history of personality conflicts with other members of the Department. (Mullaney Deposition, p. 97-99.)

19. Despite the actions of Suchinski and the complaints made to Mullaney about Suchinski, Mullaney never disciplined Suchinski. (Mullaney Deposition, p. 110.)

20. Mullaney began keeping detailed notes on the plaintiff in August, 2000, to track the plaintiff's days off and did not keep similar notes on any other employee. (Mullaney Deposition, p. 35, 47-49; Exhibit A.)

**CONTINUED HARASSMENT**

21. In approximately October 2002, after the plaintiff had filed the present federal lawsuit against Suchinski and Mullaney, plaintiff asked Chief Divenere to investigate further

harassment that had been done against the plaintiff by Suchinski, specifically: derogatory postings on public union bulletin boards that insulted the plaintiff for filing the present lawsuit. (See Exhibit B.)

22. Chief Divenere did not investigate the harassment complaint made by the plaintiff and did not take any steps to discipline those who were harassing the plaintiff. (See Exhibit B.)

23. On December 29, 2002, the plaintiff complained to Chief Divenere about continued harassment that had been directed toward him specifically: the doctoring and falsification of an Emergency Overtime List. (See Exhibit B.)

24. Chief Divenere did not investigate the harassment complaint made by the plaintiff and did not take any steps to discipline those who were harassing the plaintiff. (See Exhibit B.)

**UNION INVOLVEMENT**

25. The "union" was notified, and the wrote his memo according to what the "union" told him to write. (Plaintiff's affidavit.)

26. The grievance intentionally skipped a step of the process. (Plaintiff's affidavit.)

27. Mullaney was friends with the Union defendant, Dekow. (Mullaney Deposition, p. 27, 28.)

28. Defendant, AFSCME Local # 754, is the exclusive collective bargaining representative of Bristol police officers pursuant to Conn. Gen. Stat. 4-471 et. seq.(Plaintiff's affidavit.)

29. On October 1, 1999, plaintiff filed a grievance with the Bristol Police Union regarding his removal from the ERT. (See Union's Exhibit.)

30. Defendants failed to file plaintiff's grievance with the state The union failed to represent the plaintiff by failing to file plaintiff's grievance against the department defendants with the state. (Plaintiff's affidavit.)

31. The Union, as a representative for the plaintiff, did not keep the plaintiff informed about the status of his grievance. (Plaintiff's affidavit.)

PLAINTIFF,
ANDREW BARTON

BY: _____
Erin O'Neil
Brewer & O'Neil, LLC
818 Farmington Avenue
West Hartford, CT 06119
(860)523-4055
Federal Bar #ct 23073

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed via U.S. Mail, postage pre-paid, on September 21, 2003, to the following:

Michael Rose
Alexandria Voccio
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
fax: 860-246-2375

John K. McDonald, Esq.
Giovanna Trocchi Giardina, Esq.
Melissa A. Scozzafava, Esq.
Kernan & Henry, LLP
PO Box 2156
Waterbury, CT 08069
fax: (203) 754-2353

Eric R. Brown, Esq.
AFSCME Council 15
90 Pratt Street
Meriden, CT 06450
fax: (203) 237-2262

Erin I. O'Neil