UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Oct 15   9 57 AM '03

U. S. ...
NEW ...

ANDREW BARTON                                    :   CIVIL ACTION NO.
                                                 :   3:02CV1210 (PCD)
         PLAINTIFF,                              :

VS.                                              :

CITY OF BRISTOL; AND IN THEIR INDIVIDUAL         :
AND OFFICIAL CAPACITIES, RICHARD MULLANEY,:
POLICE SERGEANT; BRIAN SUCHINSKI, POLICE         :
DETECTIVE; AFSCME LOCAL # 754;                   :
AND IN HIS INDIVIDUAL AND OFFICIAL CAPACITY :
 MELVIN DEKOW, UNION PRESIDENT                   :
                                                 :
         DEFENDANTS.                             :   SEPTEMBER 19, 2003

## AFFIDAVIT OF ANDREW BARTON

State of Connecticut )
                             )     ss:     West Hartford, September 19, 2003
County of Hartford   )

 I, Andrew Barton, being duly sworn, hereby depose and state, upon knowledge,

information and belief that:

 1. I was hired as a police officer with the Bristol Police Department

("Department") in August 1986.

 2. I was promoted to detective in June 1997.

 3. In 1997, I was assigned to the narcotics unit.

 4. In 1999, Mullaney became Sergeant in the narcotics unit.

 5. On August 31, 1999, a joint narcotics investigation occurred with the West

Hartford Police Department.

6.     On September 1, 1999, Mullaney falsely alleged that I acted inappropriately towards him during the 8/31/99 narcotics investigation.

7.     In September 1999, I was maliciously investigated by defendants based upon a false allegation by Mullaney.

8.     Suchinski and Mullaney were friends.

9.     Suchinski harassed me on several occasions.

10.     Suchinski placed a rubber rat on my desk.

11.     Suchinski hid my rental car keys.

12.     Suchinski failed to give me important messages.

13.     Suchinski made false allegations against me to get me into trouble.

14.     Suchinski encouraged Mullaney to make false allegations against me regarding the 8/31/99 investigation.

15.     Sergeant Mullaney repeated the question as to why Rivera should not be arrested at that point.

16.     I did not argue with Mullaney. There was not an argument between myself and Mullaney.

17.     Rivera, Burke and Castillo were not present during the discussion between myself and Mullaney.

18.     There were only three people involved in the discussion.

19.     The events of August 31, 1999 were not of concern for Mullaney.

20.     I suffered from a loss of overtime, loss of training opportunities, loss of the benefit of being in that (ERT) position.

21.     The grievance intentionally skipped a step of the process.

22.     The grievance was to include the whole process.

23.     There was no confrontation, I responded to questioning from Sgt. Mullaney

24.     Sergeant Mullaney, Detective Lennon, and Detective Barton were the only three individuals present for this discussion.

25.     Decision making by a supervisor will affect ERT members.

26.     The ERT also allows for training opportunities and team status.

27.     Detective Suchinski did place a rubber rat on my desk.

28.     At the time of the incident, the vehicles were not assigned, but the vehicles are now assigned.

29.     There were numerous conversations about the reprimand and removal. Ultimately, I was asked to put the removal in writing.

30.     The "union" was notified, and I wrote my memo according to what the "union" told me to write.

31.     The violations of my rights include Detective Suchinski's repeated harassment and Sergeant Mullaney's failure to supervise and take action against Detective Suchinski, as well as the improper internal investigation Mullaney produced false statements regarding my conduct on his report.

32.     Suchinski has been removed from the narcotics unit.

33.     The defendants did not follow the proper procedures in investigating me.

34.     The defendants did not conduct any interviews during the course of their investigation.

35.     The defendants did not interview me in the course of their investigation.

36.     On September 14, 1999, I was reprimanded based on the false allegation by Mullaney.

37.     Prior to this incident, I was never reprimanded by the department.

38.     On or about September 24, 1999, I was removed from my position on the Emergency Response Team ("ERT").

39.     On October 1, 1999, I filed a grievance with the Bristol Police Union regarding my removal from the ERT.

40.     Defendants failed to file my grievance with the state.

41.     In approximately October 2002, after I had filed the present federal lawsuit against Suchinski and Mullaney, I had asked Chief Divenere to investigate further harassment that had been done against me by Suchinski, specifically: derogatory postings on public union bulletin boards that insulted me for filing the present lawsuit.

42.     Chief Divenere did not investigate the harassment complaint made by me and did not take any steps to discipline those who were harassing me.

43.     On December 29, 2002, I complained to Chief Divenere about continued harassment that had been directed towards me specifically: the doctoring and falsification of an Emergency Overtime List.

44.     Chief Divenere did not investigate the harassment complaint made by me and did not take any steps to discipline those who were harassing me.

45.     I was not treated the same as similarly situated officers.

46.     I have suffered extreme physical, emotional, and mental harm; I have been defamed and my privacy invaded.  I have suffered loss of self esteem and reputation, and I have been publicly humiliated particularly as I enjoy reputation as a police detective for the City of

Bristol.

Andrew Barton

Dated at West Hartford , Connecticut this 19th day of September 2003

Notary Public/~~Commissioner of Superior Court~~

My Commission Expires:

**JOSEPH E. BROOKS**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES MAY 31, 2007