UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANDREW BARTON | : | NO.: 3:02CV1210 (PCD) |
| | : | |
| v. | : | |
| | : | |
| CITY OF BRISTOL; AND IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES, RICHARD MULLANEY, POLICE SERGEANT; BRIAN SUCHINSKI, POLICE DETECTIVE; AFSCME LOCAL # 754; AND IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, MELVIN DEKOW, UNION PRESIDENT | : : : : : : : : : : | OCTOBER 2, 2003 |

### REPLY MEMORANDUM OF LAW IN SUPPORT OF THE CITY OF BRISTOL'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 7(d), the defendant, **CITY OF BRISTOL**, hereby submits this Reply Brief filed in response to plaintiff's Memorandum of Law in Opposition to the Defendant's Motion for Summary Judgment.

I.  **THE PLAINTIFF HAS FAILED TO STATE A PROCEDURAL DUE PROCESS CLAIM UPON WHICH RELIEF CAN BE GRANTED**.

The plaintiff claims in his opposition brief on pages 6-7 that he has stated a claim for a violation of procedural due process against the City of Bristol. In analyzing a procedural due process claim, the Second Circuit follows a two-step process. The initial step is to determine whether a plaintiff has been deprived of a protected interest.

See Narumanchi v. Board of Trustees of Conn. St. Univ., 850 F.2d 70 (2d Cir. 1988), citing, Board of Regents v. Roth, 408 U.S. 564 (1972).  *If* a protected interest is identified, a court must then consider whether the government deprived the plaintiff of that interest without due process. The second step of the analysis thus asks what process was due to the plaintiff, and inquires whether that constitutional minimum was provided in the case under review.  See Narumanchi v. Board of Trustees of Conn. St. Univ., supra, citing, Mathews v. Eldridge, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

The plaintiff's Memorandum of Law in Opposition to the Defendant's Motion for Summary Judgment fails to address that the plaintiff was afforded all the process he was due.  The plaintiff was a beneficiary of the Collective Bargaining Agreement between the City of Bristol and AFSCME Local 754.  Section 15:1 of said Agreement establishes a procedure for employee grievances.  A grievance is defined to include a complaint concerned with discharge, suspension or other disciplinary action; a charge of favoritism or discrimination; and interpretation and application of rules and regulations of the Police Department." See **Exhibit J**, p. 26 of Defendant's Memorandum of Law in Support of Motion for Summary Judgment dated July 31, 2003.  Pursuant to Step One, the aggrieved shall submit his written grievance to the Chief of Police or his designee.  Id.  Should the grievance not be settled to the satisfaction of the aggrieved, it shall be submitted to the Director of Personnel

pursuant to Step Two.  Id.  If unsuccessful at this stage, then pursuant to Step Three, the employee shall submit the grievance to the Board of Police Commissioners.  Id. Step Four provides for arbitration.  Id.  Pursuant to the Collective Bargaining Agreement, a sufficient post-deprivation procedure was made available to the plaintiff.

II.     **THE PLAINTIFF HAS FAILED TO STATE A SUBSTANTIVE DUE PROCESS CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

The plaintiff has cited no authority to support his contention that the facts in this case articulate a substantive due process claim.  Of note, is that the case the plaintiff cites on page 13 of his brief is clearly distinguishable from the case at hand.

The plaintiff contends that the "subjective indifference standard" should be applied to determine if an official's actions "shock the conscience" and thereby violates the substantive Due Process Clause.  As authority, the plaintiff cites Hanrahan v. City of Norwich, 959 F.Supp. 118 (D.Conn.), aff'd, 133 F.3d 907 (2d Cir. 1997).  In that case, Hanrahan, a Norwich police officer, committed suicide with his service revolver while being questioned about his suspected involvement in a hit and run accident by Norwich Deputy Chief of Police Robert Brautigam ("Brautigam") in Brautigam's office. Hanrahan's father, acting as administrator of his son's estate, brought a civil rights action under 42 U.S.C. § 1983, claiming that Brautigam violated the Due Process Clause of the Fourteenth Amendment by questioning Hanrahan without taking precautions to protect Hanrahan against a risk of self-inflicted harm.  As set forth

below, the "deliberate indifference" standard applies in prison-conditions cases where the state of mind requirement is one of 'deliberate indifference' to inmate health or safety.

In <u>Hanrahan</u>, the court noted that, while the Second Circuit has not specifically ruled on the issue as to failure to protect claims involving pretrial detainees, other circuits have held the deliberate indifference standard to be a subjective one, 959 F. Supp. at 122 n. 6, in accordance with <u>Farmer</u> (subjective deliberate indifference required to establish a due process claim based on inadequate medical care for a pretrial detainee).  <u>Farmer v. Brennan</u>, 511 U.S. at 847, 114 S.Ct. 1970 (1994).

The Supreme Court in <u>Farmer</u> stated the test as follows:  "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  <u>Farmer</u>, 511 U.S. at 837, 114 S.Ct. 1970.  Based on his review of the relevant case law, Judge Chatigny in <u>Hanrahan</u> found that the subjective deliberate indifference standard "precludes individual liability unless the custodial official actually knew of a substantial risk that the detainee might commit suicide and violated the detainee's rights by responding with deliberate indifference."

By this argument, the plaintiff attempts to argue that the deliberate indifference standard set forth in <u>Farmer</u> should be applied to determine if the defendant violated the substantive due process cause of the Fourteenth Amendment.  This argument is

flawed because it fails to first demonstrate:  (1) that the challenged conduct was attributable at least in part to a person acting under color of state law; and (2) that such conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States.  Eagleston v. Guido, 41 F.3d 865 (2d Cir. 1994) (citation omitted).

The plaintiff merely duplicates the allegations supporting his Equal Protection claim set forth in Count One, while attempting to create another compensable claim under the substantive component of the due process clause.  The Court should decline the plaintiff's invitation to expand the scope of the due process clause and dismiss the claim.

As set forth by the U.S. Supreme Court earlier this year,

> The Court has held that the Due Process Clause also protects certain "fundamental liberty interest[s]"… Only fundamental rights and liberties which are "deeply rooted in this Nation's history and tradition" and "implicit in the concept of ordered liberty" qualify for such protection… Many times, however, we have expressed our reluctance to expand the doctrine of substantive due process;… in large part "because guideposts for responsible decision making in this unchartered area are scarce and open-ended."

Chavez v. Martinez, __ U.S. __, 123 S.Ct. 1994, 2004, 155 L.Ed.2d 984 (May 27, 2003) (internal citations and ellipses omitted).

DEFENDANT,
CITY OF BRISTOL


By_____
   Martha A. Shaw
    ct12855
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (fax)
   E-Mail: mshaw@hl-law.com

## **CERTIFICATION**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 2nd day of October, 2003.

Erin I. O'Neil, Esquire
James S. Brewer, Esquire
818 Farmington Avenue
West Hartford, CT  06119

Richard Lacey, Esquire
Corporation Counsel
City of Bristol
111 North Main Street
Bristol, CT  06010

John K. McDonald, Esquire
Giovanna Trocchi Giardina, Esquire
Melissa A. Scozzafava, Esquire
Kernan & Henry, LLP
207 Bank Street
P.O. Box 2156
Waterbury, CT  06722-2156

Eric R. Brown
AFSCME Council 15 Legal Dept.
290 Pratt Street
Meriden, CT  06450

                                                  _____
                                                  Martha A. Shaw